UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| **KEVIN BYERLY,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
|     vs. | ) Cause No. 2:15-cv-401-WTL-MJD |
| | ) |
| **PRAIRIE FARMS DAIRY, INC.,** | ) |
| | ) |
|     **Defendant.** | ) |

### ENTRY ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This cause is before the Court on the Defendants' motion for summary judgment (Dkt. No. 48). This motion is fully briefed, and the Court, being duly advised, **GRANTS** the motion for the reasons, and to the extent, set forth below.

### I. STANDARD

Federal Rule of Civil Procedure 56(a) provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, the admissible evidence presented by the non-moving party must be believed, and all reasonable inferences must be drawn in the non-movant's favor. *Hemsworth v. Quotesmith.com, Inc.*, 476 F.3d 487, 490 (7th Cir. 2007); *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) ("We view the record in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor."). However, "[a] party who bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial." *Hemsworth*, 476 F.3d at 490. Finally, the non-moving party bears the burden of specifically identifying the relevant evidence

of record, and "the court is not required to scour the record in search of evidence to defeat a motion for summary judgment." *Ritchie v. Glidden Co.,* 242 F.3d 713, 723 (7th Cir. 2001).

## II.   BACKGROUND

The facts that follow are taken in the light most favorable to the Plaintiff, Kevin Byerley.[1] Additional relevant facts are included in the Discussion section below.[2]

Prairie Farms Dairy, Inc. ("Prairie Farms"), an Illinois corporation with its principal place of business in Carlinville, Illinois, runs a distribution center in Terre Haute, Indiana. Beginning in 2003, Byerley worked as a delivery driver out of the Terre Haute facility. He drove a truck delivering Prairie Farms' products to its customers.

Byerley had a history of problems with his left knee. Dkt. No. 55 at 4 (citing Dkt. No. 50-17 at 4). He had had at least two surgeries on it prior to 2013. Dkt. No. 50-3 at 7. He also had two prior knee injuries at work, one in 2005 and another in 2009. Dkt. No. 55 at 4. Both times, Prairie Farms filed reports of the injuries with the Indiana Worker's Compensation Board. *Id.* (citing Dkt. No. 50-3 at 34-35).

During the week of December 12, 2013, Byerley injured his left knee again while making a delivery. Dkt. No. 50-3 at 4. He called Louie Hornacky, branch manager, and "told him that [he] had slipped and messed up [his] knee, and [he] needed to see if [he] could get somebody to replace [him]."[3] Dkt. No. 50-3 at 8. Hornacky told him to call Chris Franklin, crew leader. *Id.* Franklin told him that they did not have a driver to replace him, so Byerley finished the

---

[1] The Plaintiff's complaint was filed using the spelling "Byerly," but it appears that "Byerley" is the correct spelling of the Plaintiff's name.
[2] The facts set forth herein are those that are supported by the record and undisputed by Byerley.
[3] It is not clear from the evidence whether Byerley told Hornacky or Franklin that he hurt his knee while working. For purposes of this Entry, the Court assumes that he did.

remaining three deliveries on his route. *Id.* Byerley claims that "Prairie Farms maintained a policy not to permit the filing of workmen's compensation claims under penalty of the denial of Christmas bonuses to all employees if such claims were made."[4] Compl. ¶ 4.

On January 22, 2014, Byerley's orthopedic doctor, Dr. Gary Ulrich, completed a Certification of Health Care Provider for Byerley to apply for leave under the Family and Medical Leave Act. *See* Dkt. No. 50-4. "Since Byerley understood that he could not file for workmen's compensation without causing the employees to lose their Christmas bonuses, he filed for FMLA, trying to be nice to the other employees." Dkt. No. 55 at 3 (citations omitted). The form indicated that Byerley intended to have a scope on his left knee on February 17, 2014, and would be incapacitated from that date through April 14, 2014. Dkt. No. 50-4 at 3-4. He was granted FMLA leave. Dkt. No. 50-3 at 8.

Byerley continued to work until Friday, January 31, 2014. Dkt. No. 55 at 3 (citation omitted). The following Monday, February 3, 2014, Byerley underwent the scope on his left knee and had knee replacement surgery on March 10, 2014. Dkt. No. 50-3 at 8.

Within days following his surgery, Byerley applied for short-term disability benefits. Dkt. No. 49 at 4 (citing Dkt. No. 50-5 at 3). To be eligible for these benefits, the injury or illness causing the short-term disability could not be work related. *Id.* Both Byerley and his health care provider completed disability claim forms for his benefits application. *See* Dkt. No. 50-5 at 9 & 10. Both forms asked whether Byerley's claim/disability resulted from employment. *Id.*

---

[4] Byerley does not assert a *Frampton* claim for the loss of a Christmas bonus. And, while such a policy could certainly make an employee hesitate prior to filing a worker's compensation claim, under the totality of facts in this case, the existence of the policy does not lead to the conclusion that Byerley was terminated in retaliation for potentially filing a worker's compensation claim.

3

Byerley and his health care provider responded that it did not. *Id.* Byerley's short-term disability benefit was granted. Dkt. No. 50-5 at 3-4.

Byerley exhausted his FMLA leave on April 26, 2014. Dkt. No. 49 at 5 (citing Dkt. No. 50-5 at 3). On May 9, 2014, Byerley applied for Social Security Disability benefits, claiming he was totally disabled. Dkt. No. 50-3 at 17. He remained on leave for over five months after his FMLA was exhausted. On September 12, 2014, Prairie Farms sent Byerley a letter indicating that his leave of absence was extended to October 13, 2014, and that his employment would be terminated if he was unable to return to work on that date. *See* Dkt. No. 50-8. Byerley did not return to work on October 13, 2014, and his employment with Prairie Farms was terminated. "As of October 13, 2014, Byerley had not been released from Dr. Ulrich's care and was not allowed to return to work as of October 13, 2014." Dkt. No. 55 at 6; *see also* Dkt. No. 50-3 at 6. On January 12, 2015, Byerley filed a Request for Assistance with the Indiana Worker's Compensation Board and filed this lawsuit on December 3, 2015.

Byerley maintains that "[his] termination by Prairie Farms was a violation of Indiana law under the *Frampton* decision in that his termination was due [to] his having a workmen's compensation claim and was calculated to discourage Byerly [sic] and other employees from filing workmen's compensation claims." Compl. ¶ 6. Byerley brings a claim for retaliatory discharge under Indiana law.

### III.   DISCUSSION

"Indiana generally follows the employment at will doctrine, which permits both the employer and the employee to terminate employment at any time for a 'good reason, bad reason, or no reason at all.'" *Meyers v. Meyers*, 861 N.E.2d 704, 706 (Ind. 2007) (quoting *Montgomery v. Bd. of Trs. of Purdue Univ.*, 849 N.E.2d 1120, 1128 (Ind. 2006)) (other citations omitted).

4

Indiana, however, has developed narrow exceptions to its application of this doctrine, including instances "when an employee is discharged solely for exercising a statutorily conferred right," including the right to file a worker's compensation claim. *Frampton v. Cent. Ind. Glass Co.*, 297 N.E.2d 425, 428 (1973).

To survive a motion for summary judgment on a *Frampton* claim, "the employee must present evidence that directly or indirectly implies the necessary inference of causation between the filing of a worker's compensation claim and the termination, such as proximity in time or evidence that the employer's asserted lawful reason for discharge is a pretext."[5] *Powdertech, Inc. v. Joganic*, 776 N.E.2d 1251, 1262 (Ind. Ct. App. 2002) (internal citation omitted); *see also Hudson v. Wal-Mart Stores, Inc.*, 412 F.3d 781, 785 (7th Cir. 2005).

Byerley did not file a worker's compensation claim until over two months after he was terminated, and unlike the plaintiff in *Stivers*, Byerley has not shown that he expressed to Prairie Farms an intention to file a worker's compensation claim. He, therefore, has not shown a causal link between his termination and the filing of a worker's compensation claim or his stating his intent to file a claim.

Byerley was instead terminated because he was, by his own admission, unable to return to work at the conclusion of his extended leave of absence. *See* Dkt. No. 50-3 at 6 (Byerley's deposition testimony explaining that the last day he was physically capable of working for Prairie Farms was January 31, 2014, the last day he actually worked at Prairie Farms, and that he could not have returned to work on October 13, 2014, the day that Prairie Farms terminated his

---

[5] The Indiana Court of Appeals has held that a retaliatory discharge claim under *Frampton* may also be brought "in cases where the employee is fired for merely stating her intent to file a [worker's compensation] claim." *Stivers v. Stevens*, 581 N.E.2d 1253, 1254 (Ind. Ct. App. 1991).

employment). This is a lawful reason for Byerley's termination, and he has not shown it to be pretextual. *Powdertech,* 776 N.E.2d at 1263 (reversing and remanding with instructions to enter summary judgment in favor of the employer on employee's *Frampton* claim because employer presented a legitimate, nondiscriminatory reason for the employee's termination, and the employee was unable to show pretext). Accordingly, for the reasons set forth above, the Court **GRANTS** summary judgment in favor of Defendant Prairie Farms on all of Byerley's claims.

    SO ORDERED: 7/21/2017

                                 Hon. William T. Lawrence, Judge
                                 United States District Court
                                 Southern District of Indiana

Copies to all counsel of record via electronic notification